UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

BRYAN BURWELL,

Defendant.

Criminal No. 04cr355-05 (CKK)
(Civil Action No. 14-270)

**MEMORANDUM OPINION AND ORDER**
(May 22, 2017)

On January 15, 2015, March 12, 2015, and February 16, 2016, the Court issued Memorandum Opinions and accompanying Orders addressing each of Bryan Burwell's claims raised in his [822] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 motion") which the Court ultimately denied in its entirety. Presently before the Court is Burwell's *pro se* [953] Motion Under Federal Rule of Civil Procedure 59(e). In his motion, Burwell requests that the Court reconsider its decision not to issue a Certificate of Appealability after denying his § 2255 motion.[1] Specifically, Burwell argues that the Court should reconsider its ruling with respect to three issues: (1) its determination to credit the testimony of Burwell's trial counsel over that of Burwell and his purported alibi witness; (2) Burwell's challenge to the jury instructions related to his 18 U.S.C. § 924(c) conviction in light of the holding of the Supreme Court of the United States ("Supreme Court") in *Rosemond v. United States*, -- U.S. --, 134 S. Ct. 1240 (2014); and (3) Burwell's challenge to his conviction under § 924(c) in light of the holding

---

[1] Burwell explains that he "is not requesting a re-review of the merits, but instead challenges the full aspect of denying a Certificate of Appealability ('COA')." Def.'s Mot. for Reconsideration at 1. As such, the Court shall consider Burwell's arguments as related to its decision not to issue a Certificate of Appealability with respect to its denial of Burwell's § 2255 motion.

of the Supreme Court's holding in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015).

Upon a searching review of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court finds no grounds to disturb its previous ruling declining to issue a Certificate of Appealability as laid out in its [948] Order and accompanying [949] Memorandum Opinion regarding its credibility determinations. However, the Court shall hold in abeyance Burwell's request for the issuance of a Certificate of Appealability on Burwell's challenge to the jury instructions in light of the Supreme Court's holding in *Rosemond* and his claim regarding the applicability of the Supreme Court's decision in *Johnson* until further briefing is complete. Accordingly, the Court shall DENY IN PART and HOLD IN ABEYANCE IN PART Burwell's [953] Motion Under Federal Rule of Procedure 59(e). In addressing the instant motion, the Court has focused on the narrow issues raised by Burwell in the motion and shall not re-address the other issues discussed at length in its Memorandum Opinions of January 15, 2015, March 12, 2015, and February 16, 2016, which the Court INCORPORATES as part of this opinion.

Here, Burwell requests that the Court reconsider and alter its decision not to issue a Certificate of Appealability after denying his § 2255 motion pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153

---

[2] While the Court renders its decision today on the record as a whole, its consideration has focused on the following documents: Def.'s Mot. Under Fed. R. Civ. P. 59(e) ("Def.'s Mot."), ECF No. [953]; Govt.'s Opp'n to Def.'s Pro Se Mot. for Reconsideration ("Govt.'s Opp'n"), ECF No. [957]; Def.'s Traverse to Govt.'s Response ("Def.'s Reply"), ECF No. [959].

F. Supp. 2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In his original § 2255 motion, Burwell raised 12 ineffective assistance of counsel claims related to counsel allegedly: (1) failing to challenge the violation of his statutory right to a speedy trial prior to trial; (2) failing to raise double jeopardy and multiplicity challenges to the indictment prior to trial and failing to move to dismiss based on this challenge during trial; (3) failing to raise a Confrontation Clause challenge to certain evidence during trial and on appeal; (4) generally providing a "poor overall performance" at trial; (5) failing to allow Burwell to exercise his right to testify at trial; (6) failing to challenge government misconduct at trial and on appeal; (7) failing to give an effective closing argument at trial; (8) failing to request an informant jury instruction at trial; (9) failing to request a theory-of-defense instruction at trial; (10) failing to request polling of the jury at trial; (11) failing to properly challenge juror misconduct and bias at trial and on appeal; and (12) failing to conduct pre-trial interviews of potential defense witnesses. Further, Burwell claimed for the first time in his reply to his § 2255 motion that the jury instructions related to Count XI, using and carrying a firearm during and in relation to a crime of violence on or about June 12, 2004, were erroneous in light of the recent holding of the Supreme Court in *Rosemond*. Finally,

3

Burwell filed a supplement to his § 2255 after briefing was complete and an evidentiary hearing was held arguing that his conviction under Count XI should be vacated in light of the Supreme Court's recent holding in *Johnson*. As previously mentioned, the Court ultimately denied Burwell's claims in their entirety. In the instant motion for reconsideration, Burwell asserts three grounds that he argues warrant reconsideration and the issuance of a Certificate of Appealability as outlined above. The Court shall address each argument in turn.

    A. *Burwell's Challenge to Court's Credibility Determinations*

Burwell first contends that the Court incorrectly credited his trial counsel's account of a private conversation with Burwell in reaching its determination on one of Burwell's ineffective assistance of counsel claims. Specifically, Burwell argued that his trial counsel was ineffective for failing to question defense witness Reon Holloway at trial regarding Burwell's whereabouts on May 27, 2004, a date of the robbery of the Chevy Chase Bank in Chillum, Maryland. Burwell was charged in the indictment with Racketeering Act 6 under Count I ("RICO conspiracy charge"), related to this bank robbery but was not separately charged with any counts related to this robbery. Both Burwell and Burwell's trial counsel provided affidavits to the Court regarding this issue. After reviewing the affidavits and the additional briefing on this issue, the Court determined that it was necessary to appoint counsel to represent Burwell and hold an evidentiary hearing. Specifically, the Court noted that there was factual dispute regarding whether Burwell informed his trial counsel that Holloway was a potential alibi witness for the date of May 27, 2004, and the Court found that an evidentiary hearing was necessary "in order to have the most complete record on which to rule . . . ." Order (Sept. 19, 2015), at 8, ECF No. [939].

After considering the record as a whole, including the evidence and testimony presented

4

during the evidentiary hearing, the Court ultimately held that Burwell's trial counsel's "performance did not fall below an objective standard of reasonableness because [trial counsel] was not informed that Holloway could present alibi testimony on Burwell's behalf for the May 27, 2004, bank robbery." Mem. Op. (Feb, 16, 2016), at 33, ECF No. [949]. In reaching this determination, the Court specifically credited trial counsel's testimony over that of Burwell and Holloway with respect to the issue of whether trial counsel was ever told that Holloway could provide alibi testimony for Burwell regarding the May 27, 2004, bank robbery. Burwell now contends that the Court erred by "simply taking the lawyer's side because Burwell cannot provide more information from a conversation that took place in private . . . ." Def.'s Mot. for Reconsideration at 2. While the Court did credit Burwell's trial counsel's account over Burwell's, the Court expanded the record and provided each side with an opportunity to present evidence. After considering that evidence, the Court described in detail in its Memorandum Opinion of February 16, 2016, Mem. Op. (Feb. 16, 2016), at 9-33, ECF No. [949], the basis for its credibility determinations and conclusions which the Court now incorporates herein, *id.* at 33-36. The Court sees no reason to revisit its decision based on Burwell's argument that the Court improperly credited trial counsel's account of the events that occurred and, as such, finds no basis to issue a Certificate of Appealability based on this argument.

    B. *Burwell's* Rosemond-*Related Challenge*

Burwell next contends that Court should issue a Certificate of Appealability because the jury instructions did not require proof that Burwell knew in advance that one of his codefendants would be armed as required in light of the recent holding of the Supreme Court in *Rosemond v.*

*United States*, -- U.S. --, 134 S. Ct. 1240 (2014).[3] Pursuant to Count XI, Burwell was charged with using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) or aiding and abetting that offense in violation of 18 U.S.C. § 2. Superseding Indictment (Feb. 15, 2005), at 24. Burwell asserted that the jury instructions related to aiding and abetting of the offense were erroneous in light of the holding in *Rosemond*. Specifically, in *Rosemond*, the Supreme Court held that the government must prove a defendant aided and abetted under § 924(c) by establishing "the defendant actively participated in the underlying drug trafficking or violent crime with advanced knowledge that a confederate would use or carry a gun during the crime's commission." 134 S. Ct. at 1243. The Court denied Burwell's claim finding first that *Rosemond* did not apply retroactively and second that even if it did, Burwell himself carried a weapon during both of the bank robberies underlying his conviction. *See United States v. Burwell*, 690 F.3d 500, 502 (D.C. Cir. 2012).

In response to the instant motion, the government noted that it did not have an opportunity to respond to Burwell's *Rosemond* argument because it was raised for the first time in his reply brief and decided by the Court without further briefing. The government asserts that it was its view that "*Rosemond* announced a substantive rule that does apply retroactively to cases presenting a *Rosemond* issue in an original, rather than a second or successive, Section 2255 motion." Govt.'s Opp'n at 5 n.3. However, the government argues that Burwell procedurally defaulted this claim

---

[3] In his motion for reconsideration, Burwell advances this as a vagueness challenge to the RICO statute, 18 U.S.C. § 1962. However, the parties' subsequent briefing focuses on the jury instructions of the § 924(c) conviction in light of *Rosemond*. As such, the Court shall focus on the latter argument. To the extent that the Court has mischaracterized Burwell's argument here, Burwell may correct the record in his supplemental briefing filed pursuant to this Memorandum Opinion and Order.

because he did not argue it at trial, at sentencing, or on direct appeal. Moreover, the government contends that Burwell cannot show his conviction or sentence was impacted by any error.

In reaching its holding that the rule in *Rosemond* did not apply retroactively on collateral review, the Court considered several district court cases supporting that view. *See Aquil v. Butler*, No. CIV.A. 6:14-230-DCR, 2015 WL 1914404, at *4 (E.D. Ky. Apr. 27, 2015) (collecting cases issued prior to the Court's decision on January 15, 2015), *appeal dismissed* (Aug. 11, 2015);[4] *but see United States v. Greene*, No. 14-C-431-08-CR-124, 2015 WL 347833, at *2 (E.D. Wis. Jan. 23, 2015) (holding that *Rosemond* does apply retroactively on collateral review). However, in light of the government's concession that that the rule is applicable retroactively to original § 2255 motions, the Court finds that the interests of justice require that Burwell be appointed counsel for the purpose of representing him with his motion for reconsideration only as to his claim that the Court should issue a Certificate of Appealability with respect to its denial of Burwell's claim that the jury instructions related to his 18 U.S.C. § 924(c) conviction were erroneous in light of the holding the Supreme Court in *Rosemond*. 18 U.S.C. § 3006A(a)(2)(B). As such, the Court shall issue an order appointing counsel for Burwell and shall hold this claim in abeyance pending further

---

[4] Other courts addressing the issue after this Court entered its decision also found that *Rosemond* did not apply retroactively. *See, e.g.*, *Branham v. Oddo*, No. 1:16-cv-0553, 2016 WL 2961387, at *3 (M.D. Pa. May 23, 2016) (concluding that the rule in *Rosemond* does not apply retroactively to cases on collateral review); *Outlaw v. United States*, No. 1:09cr123, 2016 WL 1175250, at *4 (N.D. W.Va. Mar. 23, 2016) (same); *Kerr v. United States*, No. 5:08-cr-302-F-1, 2016 WL 958202, at *3 (E.D.N.C. Mar. 8, 2016), *appeal dismissed*, No. 16-6641, 2017 WL 374744 (4th Cir. Jan. 26, 2017) (same); *Cover v. United States*, No. CR 08-091-ML, 2016 WL 323607, at *3 (D.R.I. Jan. 26, 2016) (same); *Nix v. Daniels*, No. 215CV00066WTLDKL, 2016 WL 126415, at *2 (S.D. Ind. Jan. 11, 2016) (same); *Williams v. Spaulding*, No. 3:15-cv-1992, 2015 WL 8332424, at *3 (M.D. Pa. Dec. 9, 2015) (same); *McCalister v. United States*, No. 1:10-CR-446, 2015 WL 5016511, at *5 (E.D. Va. Aug. 18, 2015) (same).

briefing on this issue by Burwell, through counsel, and the government.

    C.  *Burwell's* Johnson-*related Challenge*

Finally, Burwell argues that the Court improperly concluded that his conviction for using and carrying a firearm during and in relation to a crime of violence on or about June 12, 2004 ("Count XI") should be vacated in light of the Supreme Court's recent holding in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015). The Court denied Burwell's claim, noting that *Johnson* is applicable because it addresses the unconstitutionality of enhanced sentences under the residual clause of the Armed Career Criminal Act, codified at 18 U.S.C. § 924(e), and Burwell was convicted under a different section of the same statute, § 924(c). Mem. Op. (Feb. 16, 2016), at 37. Further, the Court rejected Burwell's argument that armed bank robbery under 18 U.S.C. § 2113(a) and (d) is not a crime of violence. *Id.* The government contends that the Court should reject Burwell's claim because: (1) it is procedurally barred; and (2) the Court correctly concluded that *Johnson* is inapplicable. *See generally* Govt.'s Opp'n at 9-12. The Court has determined that it shall hold in abeyance Burwell's claim regarding the applicability of *Johnson* to his conviction for the reasons described herein.

Burwell currently has two appeals pending before the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), both of which are held in abeyance pending this Court's ruling on the instant motion. The first addresses this Court's rulings on Burwell's prior § 2255 motion, which included a *Johnson*-related claim, and the second requests leave to file a second or successive motion under § 2255 in light of the *Johnson* decision. *See United States v. Burwell*, Case No. 16-3009 (D.C. Cir.); *In re: Bryan Burwell*, Case No. 16-3072 (D.C. Cir.). On June 2, 2016, Chief Judge Beryl A. Howell issued a Standing Order "appoint[ing] the Office of

8

the Federal Public Defender for the District of Columbia to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify to seek to vacate a conviction or to seek a reduction of sentence and to present any motions to vacate a conviction and/or for reduction of sentence in accordance with *Johnson* and *Welch*."[5] Since that time, Chief Judge Howell has issued three additional Standing Orders explaining procedures for addressing *Johnson*-related claims on collateral review in this jurisdiction in light of other pending Supreme Court cases that might provide further clarity on the applicability of *Johnson* to other claims. Pursuant to the procedures set out in Chief Judge Howell's Standing Orders, Burwell, through counsel, filed a [969] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on June 25, 2016, indicating that Burwell challenges his conviction in light of *Johnson*. As explained in the Standing Order entered on October 14, 2016, Burwell, through counsel, shall file a supplemental motion, if any, following the Supreme Court's decision in *Sessions v. Dimaya*, No. 15-1498 (U.S.).[6] The Court has determined that it shall hold in abeyance Burwell's request to reconsider its ruling in relation to the *Johnson* issue until further briefing is complete pursuant to Chief Judge Howell's Standing Orders and in order to allow the parties to brief the import, if any, of the Supreme Court's forthcoming decision in *Dimaya* to Burwell's argument regarding the applicability of *Johnson* to his § 924(c) conviction.

In sum, the Court shall deny Burwell's request that it issue a Certificate of Appealability on the issue of its credibility determination based on the testimony and other evidence adduced

---

[5] In *United States v. Welch*, -- U.S. --, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review.

[6] Oral argument was held before the Supreme Court on January 17, 2017.

during the evidentiary hearing. The Court shall hold in abeyance Burwell's request that the Court issue a Certificate of Appealability related to Burwell's claims that: (1) the Court erred in denying Burwell's claim that the jury instructions related to his 18 U.S.C. § 924(c) conviction were erroneous in light of the holding the Supreme Court in *Rosemond*; and (2) the Court erred in failing to apply the Supreme Court's ruling in *Johnson* to Burwell's conviction pursuant to 18 U.S.C. § 924(c). The Court shall appoint counsel for Burwell and require further briefing on the issue of Burwell's *Rosemond*-related claim. The Court also shall await further briefing on Burwell's *Johnson*-related claim to be completed pursuant to the Standing Orders issued by Chief Judge Howell setting forth the procedure for briefing of such claims.

Accordingly, it is this 22nd day of May, 2017, hereby

**ORDERED** that Bryan Burwell's [953] Motion Under Federal Rule of Civil Procedure 59(e) is DENIED IN PART and HELD IN ABEYANCE IN PART; and it is further

**ORDERED** that Burwell's request that the Court issue a Certificate of Appealability related to his claim that his trial counsel was ineffective for failing to question defense witness Reon Holloway at trial regarding Burwell's whereabouts on May 27, 2004, a date of the robbery of the Chevy Chase Bank in Chillum, Maryland, is DENIED; and it is further

**ORDERED** that Burwell's request that the Court issue a Certificate of Appealability regarding Burwell's challenge to the jury instructions related to his 18 U.S.C. § 924(c) conviction in light of the holding of the Supreme Court in *Rosemond v. United States*, -- U.S. --, 134 S. Ct. 1240 (2014), is HELD IN ABEYANCE pending further briefing as directed below; and it is further

**ORDERED** that Gregory S. Smith, Esq. is hereby appointed to represent Bryan Burwell in relation to his request that the Court issue a Certificate of Appealability regarding his challenge

to the jury instructions related to his 18 U.S.C. § 924(c) conviction in light of the holding the Supreme Court in *Rosemond*;[7] and it is further

**ORDERED** that Burwell, through counsel, shall file a brief addressing the issue of whether the Court should issue a Certificate of Appealability based on his challenge to the jury instructions related to his 18 U.S.C. § 924(c) conviction in light of the holding the Supreme Court in *Rosemond* by no later than June 6, 2017, and the government shall file its response, if any, to Burwell's brief by no later than June 20, 2017; and it is further

**ORDERED** that Burwell's request that the Court issue a Certificate of Appealability regarding his argument that his 18 U.S.C. § 924(c) conviction should be vacated in light of the Supreme Court's holding *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015) is HELD IN ABEYANCE pending further briefing pursuant to Chief Judge Howell's Standing Orders regarding *Johnson*-related claims; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to Burwell at his address of record.

**SO ORDERED.**

  */s/*
  **COLLEEN KOLLAR-KOTELLY**
  UNITED STATES DISTRICT JUDGE

---

[7] The Court confirmed Mr. Smith's availability to be appointed to represent Burwell with respect to this issue. The Court notes that Mr. Smith previously represented Burwell with respect to one issue raised in his motion filed pursuant to 28 U.S.C. § 2255 in this matter and is representing Burwell on appeal.