UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>BRYAN BURWELL,<br><br>    Defendant. | Criminal No. 04-355-05 (CKK)<br>(Civil Action No. 14-270) |

MEMORANDUM OPINION
(June 10, 2021)

Presently before the Court is Defendant Bryan Burwell's [977] Brief in Support of Motion for Reconsideration Seeking Certificate of Appealability on [the] *Rosemond* Issue.[1] This Court appointed counsel for Defendant Bryan Burwell ("Defendant" or "Mr. Burwell"), for the purpose of representing Defendant with regard to "his motion for reconsideration only as to his claim that

---

[1] In *Rosemond v. United* States, --U.S.--, 134 S. Ct. 1240 (2014), the defendant was tried by jury and convicted of violating Section 924(c) - using a firearm during a federal drug trafficking offense - and his conviction was affirmed on appeal. Certiorari was granted, and the Supreme Court found that the District Court erred in instructing the jury because it did not explain that, for purposes of aiding and abetting a Section 924(c) violation, the defendant needed advance knowledge of a firearm's presence, *id.* at 1251-52. Accordingly, the case was remanded to the Tenth Circuit to consider the consequence, if any, of the District Court's error in instructing the jury that defendant was guilty if he knew his cohort was using a firearm in the drug trafficking offense, and defendant knowingly participated in the offense. *Id.* at 1252.

In connection with this Memorandum Opinion, the Court has considered Defendant's Brief in Support of Motion for Reconsideration Seeking Certificate of Appealability on *Rosemond* Issue, ECF No. 977 ("Def.'s Mot."); the United States' Brief in Opposition to Defendant's Motion for Reconsideration, ECF No. 978 ("Govt. Opp'n"); Defendant's Response to [the] Court's August 1, 2017 Minute Order (where the Court requested counsel to ascertain whether the *pro se* reply filed by Defendant was the reply to be docketed), ECF No. 979 ("Def.'s Response"); Defendant's Request for the Court to Take Notice of a Case, ECF No. 980 ("Def.'s Request"); Defendant's [untitled] *pro se* Reply, ECF No. 981 ("Def.'s Reply"); and the entire record in this case. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCrR 47(f).

the Court should issue a Certificate of Appealability with respect to its denial of Burwell's claim that the jury instructions related to his 18 U.S.C. § 924(c) conviction were erroneous in light of the holding [of] the Supreme Court in *Rosemond*." *See* Memorandum Opinion and Order, ECF No. 975, at 7.[2]  For the reasons explained herein, Defendant's [977] Motion is DENIED, and no Certificate of Appealability shall issue.  A separate Order accompanies this Memorandum Opinion.

## I. BACKGROUND

### A. Limited Procedural History[3]

The *Rosemond* issue relates back to Defendant's conviction for one count of using and carrying a firearm during and in relation to a crime of violence that occurred on or about June 12, 2004 (Count XI), in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.  *See* Verdict Form, ECF No. 474.[4]  The Court instructed the jury, *inter alia*, on using and carrying a firearm during a crime of violence and aiding and abetting with regard to that charge.  *See* June 21, 2005 Trial Transcript, ECF No. 445, at 8038-8042.[5]  Burwell filed a timely appeal of his conviction, and the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit" or "Court of Appeals") affirmed Burwell's conviction in a published opinion. *United States v. Burwell*, 642 F.3d 1062 (D.C. Cir. 2011). The D.C. Circuit then granted Burwell's petition for rehearing *en banc* on the

---

[2] Defendant's [953] *pro se* motion for reconsideration pursuant to Federal Rule of Criminal Procedure 59(e) did not "request[ ] a re-review of the merits, but instead challenges . . . denying a Certificate of Appealability."  Memorandum Opinion and Order, ECF No. 975, at 1, n.1.
[3] The procedural history is limited to the discrete issue raised by Defendant's Motion.  For more complete background on this case, the Court incorporates by reference the background section in its January 15, 2015 Memorandum Opinion, ECF No. 854.
[4] Defendant was also convicted on two conspiracy charges and one charge of armed bank robbery.  *See* Judgment, ECF No. 615.
[5] The Government notes that "Defendant did not object to the aiding and abetting instruction relating to Count 11 at trial."  Govt. Opp'n, ECF No. 978, at 2.

issue of whether 18 U.S.C. § 924(c)(1)(B)(ii) requires the government to prove that the defendant knew that the weapon he was carrying while committing a crime of violence was capable of firing automatically. *United States v. Burwell*, 690 F.3d 500, 502 (D.C. Cir. 2012).  In a split opinion, the D.C. Circuit held that the statute in question did not require that the defendant know that the weapon he used, carried, or possessed was capable of firing automatically, and, accordingly, the D.C. Circuit affirmed Defendant's conviction. *Id.* at 516.  Mr. Burwell filed a subsequent petition for writ of certiorari, which was denied by the Supreme Court of the United States. *United States v. Burwell*, -- U.S. --, 133 S. Ct. 1459 (2013).

### B. Defendant Raises the *Rosemond* Issue

Mr. Burwell did not assert at trial or on appeal that the aiding and abetting instruction relating to Count XI was erroneous.  This issue was raised in the context of Defendant's [822] *pro se* motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  After the Government opposed Defendant's motion, Defendant moved for leave to file a traverse, citing the *Rosemond* case.  In *Rosemond*, the Supreme Court held that the government must prove a defendant aided and abetted under Section 924(c) by establishing "the defendant actively participated in the underlying drug trafficking or violent crime with advanced knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond*, 134 S. Ct. at 1243. Defendant filed his [851] *pro se* reply, asserting that, pursuant to *Rosemond*, the aiding and abetting instruction with regard to his Section 924(c) count was defective.  This Court denied in part and held in abeyance in part Defendant's Section 2255 motion.  In denying the *Rosemond* claim relating to Count XI jury instructions, the Court found that: (1) the ruling in *Rosemond* was not retroactive; and (2) "it [was] clear that Burwell himself carried a weapon during the commission of two of the bank robberies and, thus, his reliance on *Rosemond* [was] misplaced."

*See* Memorandum Opinion, ECF No. 854, at 46-47 (citing the D.C. Circuit opinion).[6]

With regard to Defendant's remaining claims, this Court issued a series of Memorandum Opinions and Orders (ECF Nos. 872, 873, 939, 948, 949) and ultimately denied entirely Defendant's Section 2255 Motion and declined to grant any Certificate of Appealability. Defendant appealed from the denial of his Section 2255 Motion, and in connection with that appeal to the D.C. Circuit, he moved for a Certificate of Appealability. The Court of Appeals held the appeal in abeyance and directed the parties to file motions after the district court resolved the Defendant's then-pending [953] *pro se* motion for reconsideration. After full briefing, this Court denied in part that motion for reconsideration, but held in abeyance that portion of the motion relating to issuance of a Certificate of Appealability. *See* Memorandum Opinion and Order, ECF No. 975. The Court noted therein the Government's acknowledgment – in its [957] Opposition to the *pro se* motion for reconsideration – that *Rosemond* applied "retroactively to cases presenting a *Rosemond* issue in an original, rather than a second or successive, Section 2255 motion." Memorandum Opinion and Order, ECF No. 975, at 6. The Government argued however that Mr. Burwell procedurally defaulted this claim by not arguing it "at trial, at sentencing, or on direct appeal," and furthermore, the Defendant could not demonstrate that "his conviction or sentence was impacted by any error." *Id.* at 7. In the interest of justice, the Court appointed counsel for Defendant for the purpose of briefing the limited issue whether the Court should issue a Certificate of Appealability, based on Defendant's challenge to the jury instructions related to his 18 U.S.C. § 924(c) conviction in light of the Supreme Court's holding in *Rosemond*. This Memorandum Opinion and the accompanying Order address the arguments raised in that briefing.

---

[6] Because the *Rosemond* issue was raised for the first time in Defendant's Reply to his *pro se* Section 2255 Motion, the Government did not have the opportunity to weigh in on that issue in its Opposition to Defendant's *pro se* Section 2255 Motion.

## II. Legal Standard

### A. Procedural Default

Pursuant to 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside, or correct its sentence if the prisoner believes that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

With few exceptions, a prisoner may not raise a claim as part of a collateral attack if that claim could have been raised at trial or on direct appeal, unless he can demonstrate either: (1) "cause" for his failure to do so and "prejudice" as a result of the alleged violation, or (2) "actual innocence" of the crime of which he was convicted. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Dale*, 140 F.3d 1054, 1056 (D.C. Cir. 1998). The existence of cause "must ordinarily turn on whether the [defendant] can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule" that was violated. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish "actual prejudice," the defendant must "shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *Dale*, 140 F.3d at 1056.

### B. Federal Rule of Civil Procedure 59(e)

The Court may exercise its discretion to alter or amend a judgment pursuant to Rule 59(e) upon finding that "there is an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F. 3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*) (citation and internal quotation marks omitted). "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

### III. Analysis

The Government argues that Mr. Burwell procedurally defaulted his *Rosemond* claim and furthermore, Defendant cannot demonstrate any impact of *Rosemond's* ruling on his conviction or meet the standard for a Rule 59(e) motion for reconsideration. The Government initially alleged also that Defendant's motion was not timely filed, but that claim has been withdrawn. *See* Def.'s Response, ECF No. 979, at 2. The Court will begin with an analysis of the procedural default argument.

### A. Procedural Default

As a preliminary matter, the Government contends that Defendant procedurally defaulted his instructional error claim by not arguing at trial or on direct appeal that the Section 924(c) aiding and abetting instruction was erroneous. Govt. Opp'n, ECF No. 978, at 5. The Government asserts that defendant does not proffer any justification for his failure to raise this challenge at trial or on direct appeal as the "factual predicate for the instructional error claim was known at the time the instructions were given." *Id.*[7]

In his Motion, Defendant argues that the Government waived the defense of procedural

---

[7] The Government notes that "[Defendant] Rosemond was making this argument at approximately the same time as defendant [Burwell] was prosecuting his appeal." Govt. Opp'n, ECF No. 978, at 6 n.4. In his *pro se* Reply, Defendant challenges this proposition: "At the time of Burwell's appeal[,] despite the Government's position on the issue, Rosemond's issue was not readily available during the briefing on appeal." Def.'s Reply, ECF No. 981, at 5.

default.  "In filings before the D.C. Circuit, the Government suggested for the first time that Mr. Burwell's *Rosemond* claim may be barred by "procedural default," even though it had never presented such an argument before this Court" and "this Court never made any such finding in its merits ruling on the *Rosemond* issue."  Def.'s Mot., ECF No. 977, at 2 n.2.  The Government claims that it "had no opportunity to raise the defendant's procedural default because this instructional error was presented [by Defendant in a reply] <u>after</u> the government filed it opposition," and further, the Court "issued its decision on that claim without seeking input from the government."  Govt.' Opp'n, ECF No. 978, at 5 n.3 (emphasis in original).  Defendant notes however that "more than a year ensued between this Court's *Rosemond* ruling and it final judgment on Mr. Burwell's § 2255 petition," Def's Mot., ECF No. 977, at 2 n.2, and accordingly, there was ample time in which the Government could have raised this defense.

Since "cause and prejudice" can excuse a procedurally defaulted claim, *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)), and "prejudice" essentially requires a merits analysis, the court [may] proceed to the merits of claims found to be procedurally defaulted without determining whether the [ ] procedural default is adequate and independent to bar relief in federal court."  *Weaver v. Chappell*, Case No. 02-cv-05583, 2016 WL 1260822, at *16 (March 31, 2016).  Accordingly, in his motion for reconsideration, Defendant must either demonstrate prejudice to overcome any procedural default or, assuming *arguendo* that the Government waived that defense,  Defendant must demonstrate an intervening change in law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice to prevail on a Rule 59(e) motion for reconsideration.

Beginning with any analysis of  "prejudice," this Court notes that it previously concluded that the rule in *Rosemond* did not apply retroactively on collateral review, and even if it did, the

record establishes that Mr. Burwell carried a weapon during the bank robberies underlying his conviction.  *See* Memorandum Opinion and Order, ECF No. 975, at 6,  relying on *United States v. Burwell*, 690 F. 3d 500, 502 (D.C. Cir. 2012) (where the Court of Appeals recited "an abbreviated version of the essential underlying facts" of the case including that Defendant "carried an AK-47 in both of the robberies in which he participated, though there is no evidence he fired any of the weapons" ).  *See Smith v. Snyder*, 22 Fed. App'x 552, 553 (6th Cir. 2001) ("It is proper for a federal court in a post-conviction proceeding to rely on the factual conclusions made by an appellate court in the same case.")

After the Government indicated that the rule in *Rosemond* applied retroactively to original Section 2255 motions, in the interests of justice, this Court appointed counsel for purposes of assisting defendant with another motion for reconsideration.  Such motion was limited however to whether this Court should issue a Certificate of Appealability with respect to the denial of Defendant's claim that the jury instructions related to his Section 924(c) conviction were erroneous in light of the holding in *Rosemond*.  As such, left undisturbed as a grounds for denying Defendant's Section 2255 motion was that portion of this Court's ruling reiterating the Court of Appeals' finding that Mr. Burwell carried a weapon during the bank robberies.

With regard to the "prejudice" element needed to rebut a claim of procedural default, the Government argues that "defendant still has not shown that he suffered an actual and substantial disadvantage resulting in error of constitutional dimensions [n]or could he demonstrate prejudice" because "his claim is meritless."  Govt.' Opp'n, ECF No. 978, at 6.  More specifically, the Government argues that defendant "cannot show that his conviction is impacted [by *Rosemond*]."  *Id.* at 9.  In *Rosemond*, the Supreme Court found that the aiding and abetting instruction for a Section 924(c) offense was erroneous "because it did not explain that [defendant] needed advance

8

knowledge of a firearm's presence." *Rosemond*, 134 S. Ct. at 1251. In that case, the government prosecuted defendant's Section 924(c) charge on two alternative theories – that defendant used a firearm during the aborted drug transaction and alternatively, even if the gun was fired by someone else, defendant aided and abetted the violation. *See id.* at 1244. While the jury convicted Rosemond of a Section 924(c) offense, the verdict form "was general [and ] did not reveal whether the jury found that Rosemond himself had used the gun or instead aided or abetted a confederate's use during the marijuana deal." *Id.*

In the case at bar, the Government concludes that *Rosemond* does not undermine Defendant's Section 924(c) conviction "most notably because the Court of Appeals, in deciding defendant's direct appeal, held that the government presented sufficient evidence that defendant himself carried a two-handled AK-47 during the IB armed robbery." Govt. Opp'n, ECF No. 978, at 9 (citing *Burwell*, 642 F.3d at 1069). In its *en banc* opinion, the D.C. Circuit cited the trial testimony from one of Mr. Burwell's cohorts (Nourredine Chtaini) who noted that "Burwell carried the two-handled AK-47 during [that] robbery." *Burwell*, 642 F.3d at 1069. The Court of Appeals discussed further the conflict in testimony between Mr. Chtaini and the bank manager, who indicated that a different bank robber carried the gun, but held that "it was entirely reasonable for the jury to have credited Chtaini's testimony over the bank manager's" and therefore, sufficient evidence supported Defendant's Section 924(c) conviction. *Id.*

To bolster its argument regarding Defendant's knowledge of the use of firearms, the Government launches into a discussion of the evidence supporting Defendant's knowledge "[a]t the very least" that his bank robber confederates would be armed, including the pooling of funds to purchase four AK-47's and a Sterling MAC-4; the use of guns in other robberies involving his cohorts (in which Defendant did not personally participate, but where he later indicated his interest

9

in doing so); the use of weapons during the Chevy Chase Bank heist on May 27, 2004 (where Defendant reportedly hit a bank teller in the back of the head with the butt of his gun); and Defendant's carrying an AK-47 during the June 12, 2004 bank robbery (as noted by Chtaini). *See* Govt. Opp'n, ECF No. 978, at 10-11.  As such, the Government contends that it is "beyond a reasonable doubt that defendant had advance knowledge that his cohorts would be armed during the [June 12, 2004] robbery [and] the outcome of [Mr. Burwell's] trial was unaffected by the *Rosemond* error." *Id.* at 12.

As previously noted, Defendant's Motion does not address the cause and prejudice necessary to rebut a procedural default because Defendant claims this defense was waived. Defendant's *pro se* Reply addresses procedural default by first asserting that the *Rosemond* rule is "so important as to warrant redressability in a collateral attack."  Def.'s Reply, ECF No. 981, at 3. Defendant argues next that upon "a review of the record," this Court may only infer that "perhaps Burwell "knew" that he was involved in something criminal," and alleging that the Government does nothing more than "infer" that Mr. Burwell had a firearm and therefore had advance knowledge. *Id.*[8]  This statement by Defendant is completely contradicted by the trial testimony and subsequent findings of fact set forth by the Court of Appeals in its two opinions upholding Mr. Burwell's conviction.

In light of the evidence presented during this case and the Court of Appeals' findings that Defendant carried a firearm, this Court finds that Defendant demonstrates no prejudice to overcome any procedural default.  Assuming *arguendo* that this procedural default defense was

---

[8] Defendant requested that this Court take notice of *United States v. White*, No. 15-2027, 2017 U.S. App. LEXIS 12352 (8th Cir. July 11, 2017), *see* Def.'s Request, ECF No. 980.  In that case, the defendant was convicted of possession of an unregistered firearm and possession of a stolen firearm, and the appellate court reviewed the jury instructions relating to the defendant's knowledge of the *characteristics* of the firearm.

10

waived by the Government's failure to raise it in a timely manner, this Court will next consider the standard relating to a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

### B. Federal Rule of Civil Procedure 59(e)

As noted in the Section II.B. above, a motion for reconsideration may be based upon one of the following three prongs: (1) an intervening change in law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Firestone*, 76 F.3d at 1208. As explained below, none of those circumstances are applicable in this case, and as such it should be denied because a Rule 59(e) motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is such a motion the means to raise new issues or present new theories that could have been advanced during the litigation. *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (citing *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004)); *see also Harrison v. Federal Bureau of Prisons*, 681 F. Supp. 2d 76, 84 (D.D.C. 2010) ("Rule 59(e) motions may not be used to relitigate old matters. . . ").

#### 1. There is No Change in Law

As a preliminary matter, Defendant argues that the standard for issuance of a Certificate of Appealability is "not a high bar" and does not require Mr. Burwell to show that he will "prevail on the merits." Def.'s Mot., ECF No. 977, at 4 (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (*en banc*)). Rather, he need only make a "modest" showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Lambright,* 220 F.3d at 1025.

Defendant argues that the intervening "change in law" in this case is this Court's recognition that *Rosemond* applies retroactively on collateral review. Def.'s Mot., ECF No. 977,

11

at 4. The Court finds however that its recognition (following the Government's acknowledgment) that *Rosemond* applies retroactively on collateral review does not constitute a change in controlling law nor is it a decisive factor.  Instead, it is the possible impact (or lack thereof) of *Rosemond* on Defendant's conviction that is relevant to the inquiry as to whether a Certificate of Appealability is warranted.  In this case, however, Defendant has made no showing that the ruling of *Rosemond* impacts his conviction, and thus, his reliance on *Rosemond* is misplaced.  The evidence at trial and as set forth in the appellate opinions indicates that Mr. Burwell carried a firearm during the bank robberies, and accordingly, there can be no argument that he was without knowledge that firearms would be used in connection with the robberies.  Accordingly, Defendant's Motion fails under this first prong, which is based on a change in law.

### 2. There is No New Evidence

Defendant asserts that the "new evidence" is the Government's concession that *Rosemond* applies retroactively to a collateral claim, and as such "this Court should issue a COA so that the D.C. Circuit can determine the effect of that retroactive application on Mr. Burwell's § 924(c) conviction."  Def.'s Mot., ECF No. 977, at 5. The Court finds that this concession by the Government does not constitute new evidence or any evidence at all.  The Government notes further that, pursuant to Rule 59(e), cases that construe "newly discovered evidence" hold that "evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rule[ ]." Govt. Opp'n, ECF No. 978, at 7 (string citation omitted).  Accordingly, Defendant's argument in favor of reconsideration based on the second prong fails, as there is no new evidence.

### 3. There is No Clear Error or Manifest Injustice

Defendant submits that this Court's earlier denial of the COA on the *Rosemond* issue represents "clear error," and denying a COA would "work a manifest injustice."  Def.'s Mot., ECF

No. 977, at 5.  "Clear error" within the meaning of Rule 59(e) requires a "very exacting standard[,]" *Smith v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015); *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (quotation omitted) with the effect that the "final judgment must be 'dead wrong' to constitute clear error." *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quotation omitted).  The D.C. Circuit has indicated that "manifest injustice" arises from "rulings that upset settled expectations – expectations on which a party might reasonably place reliance[,]" *Qwest Services Corp. v. FCC*, 509 F.3d 531, 539-40 (D.C. Cir. 2017), and not simply because a harm may go unremedied.  *See Assoc. Gen'l Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 536 (1983) ("[T]he judicial remedy cannot encompass every conceivable harm that can be traced to alleged wrongdoing.")

Defendant's argument focuses on the amount of his lengthy sentence that is linked to his Section 924(c) claim as supporting manifest injustice.  What Defendant conveniently ignores is this Court's prior conclusion that Mr. Burwell carried a firearm during the armed robbery, which was a basis for denial of Defendant's Section 2255 motion.  The Court acknowledges that the aiding and abetting jury instruction linked to Section 924(c) was interpreted by *Rosemond* to require a defendant to have advance knowledge of the presence of firearms.  There is however evidence in this case, and as set forth in the appellate opinions addressing Defendant's conviction, that Mr. "Burwell himself carried a firearm during the commission of two of the bank robberies." Memorandum Opinion, ECF No. 845, at 46-47.  Accordingly, as indicated previously by this Court, Defendant's reliance on *Rosemond* is misplaced, and Defendant's argument fails under this third prong as there is no clear error or manifest injustice.

### IV. Conclusion

As explained above, Defendant has not demonstrated prejudice to overcome any

procedural default.  Assuming *arguendo* that the procedural default defense was waived by the Government, Defendant has not established in his motion for reconsideration that there is an intervening change of controlling law, new evidence available, or a need to correct a clear error/manifest injustice that warrants the issuance of a Certificate of Appealability.  Accordingly, this Court shall DENY Defendant's [977] Motion for Reconsideration, and no Certificate of Appealability shall issue.

DATED:  June 10. 2021 _____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT COURT