**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRYAN BURWELL,<br><br>  Defendant. | **Criminal No. 04-355-05 (CKK)** |

**MEMORANDUM OPINION**
(February 7, 2024)

Pending before this Court is Defendant Bryan Burwell's [1073] Supplemental Motion to Vacate Judgment Under 28 U.S.C.§ 2255 and the United States' [1096] Opposition thereto.[1]  Mr. Burwell's original motion to vacate under 28 U.S.C. § 2255 is docketed at ECF No. 969. Defendant Bryan Burwell ("Defendant" or "Mr. Burwell") is currently serving a sentence of 495 months [41 years, 3 months] after being found guilty on the four counts charged against him, namely: (1) for conspiracy under Racketeer Influenced Corrupt Organization ("RICO"), in violation of 18 U.S.C. § 1962(d) (Count 1); (2) conspiracy to commit armed bank robbery, in

---

[1] In connection with this Memorandum Opinion and the accompanying Order, this Court considered: (1) Defendant's Supplemental Motion to Vacate Judgment under 28 U.S.C. § 2255 ("Def.'s Supp. Mot."), ECF No. 1073; (2) the United States' Opposition to Defendant's Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Govt. Opp'n"), ECF No. 1096; (3) Defendant's Reply in support of Motion to Vacate Judgment under 28 U.S.C. § 2255 ("Def.'s Reply"), ECF No. 1103; (4) Defendant's Motion to Expedite a Ruling and for Certificate of Appealability (Def.'s Exp. Mot."), ECF No. 1139; and (5) the entire record in this case.

As explained herein, still "open" on this Court's docket is Defendant's [953] *pro se* Letter, treated as a motion for reconsideration of this Court's denial of a certificate of appealability on the *Johnson* issue, which was held initially in abeyance in accordance with the Chief Judge's Standing Orders, and which will be resolved herein in connection with the pending supplemental motion to vacate judgment.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCrR 47(f).

violation of 18 U.S.C. § 371 (Count 2); (3) armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Count 10); and (4) using and carrying a firearm (a machine gun) in relation to a "crime of violence" (armed bank robbery) and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) (ii) (iii), (B)(i), (B) (ii), and 2 (Count 11). *See* Verdict Form, ECF No. 474.

## I. BACKGROUND

Defendant Bryan Burwell and his co-defendants committed a series of six armed bank robberies in the District of Columbia and Maryland, spanning the first six months of 2004. *See* February 15, 2005 Superseding Indictment, ECF No. 175, at 4-6. Mr. Burwell participated personally in two of these robberies – the robbery of Chevy Chase Bank in Maryland on May 27, 2004, resulting in the taking of approximately $18,000.00, and the robbery of Industrial Bank in the District of Columbia on June 12, 2004, whereby approximately $30,000.00 was obtained. *Id.* at 5-6. During those robberies, Mr. Burwell was armed with a fully automatic AK-47 assault weapon. *Id.* at 11-12. On February 15, 2005, the Government filed the operative Superseding Indictment, charging Mr. Burwell with the aforementioned four counts, and on July 15, 2005, after a 3-month jury trial, the jury returned a guilty verdict against Mr. Burwell on all charges.

On April 28, 2006, Mr. Burwell was sentenced to 135 months on Counts One and Ten, 60 months on Count Two – all three Counts within the Guidelines' ranges and running concurrently, and thirty years – a mandatory minimum sentence, which is required to run consecutively – on Count Eleven. *See* Judgment, ECF No. 615 (imposing an aggregate sentence of 495 months, or 41 years and three months). Mr. Burwell appealed from his conviction, but the conviction was affirmed by the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). *See United States v. Burwell*, *et al.*, 642 F.3d 1062 (D.C. Cir. 2011); *see also* D.C. Circuit Mandate, ECF No.

769.  Defendant petitioned for a rehearing *en banc*, which was granted, *see* D.C. Circuit Order, ECF No. 770, but on August 3, 2012, following the rehearing *en banc*, the D.C. Circuit affirmed Defendant's conviction.  *See* D.C. Circuit Mandate, ECF No. 784.  The Supreme Court denied certiorari on February 25, 2013.  *Burwell v. United States*, 568 U.S. 1196 (2013).

On February 21, 2014, Mr. Burwell filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  *See* Motion to Vacate, ECF No. 822 (alleging ineffective assistance of trial and appellate counsel).  This Court denied Defendant's claims in his motion, with the exception of one ineffective assistance of counsel claim, which was held in abeyance to permit further briefing, *see* ECF No. 853.  Counsel was appointed for Mr. Burwell, and an evidentiary hearing was held in December of 2015.  While the outstanding ineffective assistance of counsel claim from the Section 2255 motion was still pending, in February 2016, Defendant filed a *pro se* motion to supplement his Section 2255 motion, to include the argument that his conviction under 18 U.S.C. § 924(c) should be vacated in light of *Johnson v. United States*, 576 U.S. 591 (2015).  *See* Defendant's Motion to Supplement, ECF No. 947.  In February 2016, this Court denied Defendant's Section 2255 motion in its entirety and declined to issue a Certificate of Appealability ("COA").  Order, ECF No. 948; Memorandum Opinion, ECF No. 949 (denying the remaining ineffective assistance of counsel claim and finding Defendant's reliance on *Johnson* inapplicable to the facts of his case because it pertained to the constitutionality of the residual clause of the Armed Career Criminal Act).   In March 2016, Defendant filed his Notice of Appeal and requested a Certificate of Appealability from the D.C. Circuit.  Notice of Appeal, ECF No. 950.

While that COA issue was pending in the D.C. Circuit, Defendant filed thereafter his [953] *pro se* letter which was construed by this Court as a motion for reconsideration of this Court's

denial of a certificate of appealability on the *Johnson* issue.  The Court set a deadline for the Government's response thereto.  *See* Order, ECF No. 954 (setting a May 4, 2016 response date that was later extended to May 18, 2016, with a reply due by June 20, 2016).  Thereafter, in June of 2016, the Chief Judge issued a Standing Order relating to Section 2255 motions based on *Johnson v. United States.*  In accordance with the procedures discussed therein, on June 25, 2016, the Federal Public Defender ("FPD") (which represents all other co-defendants in this case) filed an abridged second motion to vacate, based on *Johnson*, on behalf of Mr. Burwell.  ECF No. 969.  That motion filed by FPD noted that "[w]hile counsel understands that Mr. Burwell filed a *pro se* motion based on *Johnson* in this court and that a request for certificate of appealability on this issue is currently pending before the Court of Appeals, *see United States v. Burwell*, No. 16-3009, counsel has filed the second or successive authorization motion out of an abundance of caution, . . ."  Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 969.  Unlike similar motions filed on behalf of Mr. Burwell's co-defendants in this case, the D.C. Circuit did not rule on Defendant's motion to file a second Section 2255 motion based on *Johnson*.

On July 18, 2016, after being advised on the pendency of the filings that Mr. Burwell had submitted *pro se* in the District Court, the D.C. Circuit ordered that the appeal that had been filed (related to *Johnson* and a challenge to a jury instruction [*Rosemond*]) be held in abeyance, with a reviving motion filed after the District Court ruled on the pending *pro se* motion for reconsideration.  On May 22, 2017, this Court indicated that counsel was being appointed for Defendant on the *Rosemond* issue, and there would be additional briefing on that issue, and Defendant's request for reconsideration on the *Johnson* issue was held in abeyance "pending further briefing pursuant to Chief Judge Howell's Standing Orders regarding *Johnson*-related claims."  Memorandum Opinion and Order, ECF No. 975, at 10-11.

In 2018, Defendant filed a letter seeking to fully brief his *Johnson* claim, ECF No. 982, but in accordance with the Chief Judge's Standing Order, this Court issued an Order holding in abeyance that request for full briefing.  *See* Order, ECF No. 983.  In the meantime, Defendant, through FPD, filed a motion for compassionate release, which was then fully briefed and subsequently denied by this Court, and Defendant continued to submit additional *pro se* letters/motions (ECF Nos. 980, 1028, 1029).

Briefing was submitted on the *Rosemond* issue and Mr. Burwell's motion for reconsideration was denied on that basis.  Order, ECF No. 1044; Memorandum Opinion, ECF No. 1045.  Defendant filed a notice of appeal on that ruling and indicated his intent to seek a COA from the Court of Appeals.  Thereafter, the Court of Appeals consolidated the two appeals in this case, and the Government asked that both appeals be held in abeyance until this Court issued its ruling on the *Johnson* issue, while Defendant, through counsel, requested that the D.C. Circuit rule on the *Rosemond* issue.  On September 30, 2021, the D.C. Circuit issued an order holding both appeals in abeyance pending this Court's ruling on the *Johnson* issue.

Pursuant to an October 25, 2021 joint status report ordered by this Court, the parties discussed the pending issues relating to the *Johnson* challenge and the Court's denial of a COA on that issue.  *See* ECF No. 1055 at 1.  The Government stated that it did not oppose supplemental briefing on the *Johnson* issue, *see id.* at 4, and the Court set a briefing schedule for a supplemental motion. *See* November 1, 2021 Minute Order. The instant supplemental motion became ripe for determination at the same time as the briefing on *Johnson* issues in a supplemental Section 2255 motion filed by one of Mr. Burwell's co-defendants, Aaron Perkins. The supplemental motions filed co-defendants Burwell and Perkins contained the <u>same substantive arguments</u>; *i.e.*: (1) that federal armed bank robbery is not a crime of violence (Burwell Supp. Mot., ECF No. 1072, at 11-

20) insofar as the second element can be committed by non-violent extortion (*id.* at 16-18), and the fourth element only requires a risk of force and no actual threatened force (*id.* at 18-20); (2) aiding and abetting does not require any force (*id.* at 20-23); and (3) the elements clause is unconstitutionally vague (*id.* at 23-34).   The Court has compared the aforementioned arguments set forth in Mr. Burwell's case with the arguments set forth in Mr. Perkins' case and finds that they are close to verbatim regarding the principles and cases relied upon by both co-defendants.[2]

This Court denied Mr. Perkins' Supplemental Motion and denied a certificate of appealability.  *See* February 7, 2023 Memorandum Opinion, ECF No. 1117; Order, ECF No. 1118. On March 2, 2023, Mr. Perkins filed his [1120] Notice of Appeal, and he requested a certificate of appealability.  On August 10, 2023, the D.C. Circuit issued an Order on Mr. Perkins' motion for a certificate of appealability, granting it in part and denying it in part.  More specifically, the D.C. Circuit found that:

> The motion for a COA is granted with respect to appellant's contention that 18 U.S.C. § 2113(a) is indivisible as to extortion such that his conviction under that statute does not qualify as a "crime of violence" for purposes of 18 U.S.C. § 924(c).  On this issue, appellant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473. 483-84 (2000).  <u>Because appellant has otherwise failed to make such a showing, the motion for a COA is in other respects denied and the appeal is in those respects dismissed.</u>

August 10, 2023 Order (*per curiam*) in Appeal No. 23-3031 (not docketed in Case 04cr355) (emphasis added).

On January 24, 2024, Mr. Burwell filed the instant [1139] Motion for an Expedited Ruling

---

[2] The two minor exceptions are that: (1) Defendant Burwell's argument that the elements clause is unconstitutionally vague contains an additional two paragraphs; *see* Def.'s Mot., ECF No. 1073, at 27-28, and (2) his Motion contains a one-page argument that the Rule of Lenity precludes declaring the offense at a crime of violence.  *Id.* at 34.

and a Certificate of Appealability if § 2255 Relief is Denied.[3]  Mr. Burwell explains that he seeks an expedited ruling insofar as he wishes to "also participate in Mr. Perkins' appeal process, through an appeal of his own that might be consolidated before Mr. Perkins' oral argument."  Def.'s Exp. Mot., ECF No. 1139, at 6.  The Court notes that the briefing schedule set by the D.C. Circuit sets a February 21, 2024 deadline for the appellee brief and a March 13, 2024 deadline for the appellant's reply brief.  No date for oral argument has been set.

For the reasons explained below, and consistent with this Court's decision in Mr. Burwell's co-defendant's case, *United States v. Perkins*, 04cr355-06, Memorandum Opinion, ECF No. 1117, Order, ECF No. 1118, Defendant's [1073] Supplemental Motion to Vacate is DENIED; but consistent with the D.C. Circuit's Order in *Perkins*, a limited certificate of appealability will be issued.  Accordingly, Defendant's [953] *pro se* Motion for Reconsideration of the Denial of a COA is GRANTED IN PART and DENIED IN PART.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "The circumstances under which such a motion will be granted, however, are limited in light of the premium placed on the finality of judgments and the opportunities prisoners have to raise most of their objections during trial or on direct appeal."

---

[3] A Minute Order will be issued to close that Motion to Expedite, shortly after this Memorandum Opinion and the accompanying Order have been docketed.

*United States v. Burwell*, 160 F. Supp. 3d 301, 308 (D.D.C. 2016) (Kollar-Kotelly, J.)

In order "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). A prisoner may not raise a claim as part of a collateral attack if that claim could have been raised on direct appeal, unless he can demonstrate either: (1) "cause" for his failure to do so and "prejudice" as a result of the alleged violation, or (2) that he is "actually innocent" of the crime of which he was convicted. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Nonetheless, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

A certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To obtain a certificate of appealability, the defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a difference manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

### III. DISCUSSION

As noted previously, Defendant filed a [953] letter construed as a motion requesting that the Court reconsider its denial of a Certificate of Appealability on his *Johnson* claim. Subsequently, the Court ordered further briefing on the *Johnson* issue, consistent with the *Johnson* standing orders; the Government did not oppose the further briefing, and all issues raised by Defendant have now been briefed in full.

**A. The Claims by Co-Defendants Burwell and Perkins are Virtually Identical**

As mentioned earlier herein, the arguments raised by Mr. Burwell are substantially similar (practically verbatim) to the arguments raised by co-Defendant Aaron Perkins in his Supplemental Section 2255 motion, which was denied by this Court with no certificate of appealability issued. Co-defendant Perkins filed a notice of appeal from that denial, which encompassed this Court's denial of a certificate of appealability.  The D.C. Circuit has limited Co-defendant Perkins' appeal to the issue of whether "18 U.S.C. §2113(a) is indivisible as to extortion such that [defendant's] conviction under that statute does not qualify as a "crime of violence" for purposes of 18 U.S.C. §924(c)," and denied the COA in other respects and also dismissed the appeal in those respects. Accordingly, to the extent that Mr. Burwell's Supplemental Motion overlaps with Mr. Perkins' Supplemental Motion, in the interest of judicial efficiency and economy, this Court's opinion herein will incorporate by reference the reasoning set forth in its [*Perkins*] Memorandum Opinion, ECF No. 1117, and the Court will cite extensively therefrom.[4]

**B. Defendant's *Johnson* Claim is Timely and Is Not Barred Procedurally**

As a preliminary matter, this Court notes that Defendant's *Johnson* claim was first asserted within a year of *Johnson* in the Defendant's *pro se* supplement to his Section 2255 motion, and furthermore, the Government does not contest the timeliness of Defendant's claim.  Govt. Opp'n, ECF No. 1096, at 9-10.  The Government does assert however that because Mr. Burwell did not

---

[4] In Perkins' case, the D.C. Circuit granted the defendant's request for authorization to file a second or successive Section 2255 motion, finding that Defendant could properly file a second § 2255 motion to challenge his § 924(c) conviction pursuant to *Johnson*.  *See* D.C. Circuit Order in ECF No. 962, at 1 (in 04cr355-6) (where the D.C. Circuit noted that Defendant "challenge[d] his sentence for violation 18 U.S.C. § 924(c), which he alleges contains a residual clause that is materially identical to the residual clause of the Armed Career Criminal Act . . . that the Supreme Court held was unconstitutionally vague in Johnson.")  Three other co-defendants (Lionel Stoddard, Miquel Morrow, and Malvin Palmer) were granted authorizations to file supplemental Section 2255 motions, although Mr. Stoddard is since deceased.

raise his *Johnson* claim on direct appeal, the "claim is procedurally barred unless he can show cause and prejudice to excuse his procedural default." Govt. Opp'n, ECF No. 1096, at 10.

Furthermore, the Government acknowledges that the procedural default argument has been rejected by this Court but it indicates that it raises this argument "in order to preserve it for the record." Govt. Opp'n, ECF No. 1096, at 10. As noted by this Court in its Memorandum Opinion in Co-defendant Perkins' case, "there is uniform authority from this Circuit that the procedural default rule should be excused in cases where defendants seek the benefit of *Johnson* [and] [t]his Court agrees with other judges from this Circuit who have rejected the procedural hurdles that the Government asserts impede Mr. [Burwell] from obtaining relief." [*Perkins*] Mem. Op., ECF No. 1117, at 11. *See, e.g., United States v. Navarro Hammond*, 351 F. Supp. 3d 106, 123-124 (D.D.C. 2018) (rejecting procedural default argument for post-*Johnson* §2255 motion); *United States v. Carter*, 422 F. Supp. 3d 299, 309-311 (D.D.C. 2019) (same); *United States v. West*, 314 F. Supp. 3d 223, 229 n.4 (D.D.C. 2018) (same); *United States v, Brown*, 249 F. Supp. 3d 287, 293 (D.D.C. 2017) (same).

Assuming *arguendo* that Mr. Burwell did need to show cause and prejudice, "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984). The novelty of Mr. Burwell's claim cannot be denied as the D.C. Circuit noted that, "it is fair to say that no one – the government, the judge, or [the defendant] – could reasonably have anticipated *Johnson*." *United States v. Redrick*, 841 F.3d 478, 480 (D.C. Cir. 2016). To demonstrate prejudice, a petition "must *at least* demonstrate that 'there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different.'" *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (quoting *United States v. Dale*, 140 F.3d 1054, 1056 n.3

(D.C. Cir. 1988) (emphasis and alterations in original)).  In the instant case, if Mr. Burwell did not have a conviction pursuant to 18 U.S.C. §924, his sentence might be 30 years shorter, and the D.C. Circuit has recognized that a defendant bringing a claim under §2255 suffers prejudice when, in light of new case law, he "would have been sentenced to prison for . . . less than the imposed sentence."  *United States v. McKie*, 73 F.3d 1149, 1154 (D.C. Cir. 1996); *accord Brown*, 249 F. Supp. 3d at 293 ("The possibility that [defendant's] sentence will be reduced by at least five years . . . establishes prejudice); *Charles Booker*, 240 F. Supp. 3d at 170 (same).  Accordingly, the Court concludes that Mr. Burwell's *Johnson* claim is not procedurally barred, and in any case, Mr. Burwell meets the requirement of demonstrating cause and prejudice.

### C. Defendant Claims that Aiding and Abetting an Armed Robbery is not a "Crime of  Violence" under the Elements Clause[5]

Section 924(c) makes it a crime to use or carry a firearm during and in relation to a "crime of violence."  *See* 18 U.S.C. § 924(c)(1). This offense carries a mandatory minimum of 30 years where the firearm is a machinegun (without reliance on whether the machinegun was brandished or discharged, or whether the defendant knew that the weapon was a machinegun).  *See* 924(c)(1)(A)-(B); *see also United States v. Burwell*, 690 F.3d 500, 516 (D.C. Cir. 2012) (wherein the Court, in a divided opinion, determined that the government was not required to prove the defendant knew that the weapon he carried was capable of firing automatically in order to trigger the 30-year minimum).  The 30-year minimum "must be in addition to and consecutive to" any other sentence, including the sentence for the underlying predicate offense.  *Dean v. United States*, 137 S. Ct. 1170, 1174 (2017).

---

[5] The Court's analysis of this issue mirrors its analysis of the same issue raised in *Perkins*, because it is based on a substantially similar argument by Mr. Burwell and opposition by the Government as in that case.  *See* [*Perkins*] Mem. Op., ECF No. 1117, at 11-18.

A Section 924(c) violation requires that the government prove two elements: (1) the defendant used or carried a firearm; and (2) it was during and in relation to a "crime of violence." *See* 18 U.S.C. § 924(c)(1).  Pursuant to the elements clause (when Mr. Burwell was sentenced), a "crime of violence"  was a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"  18 U.S.C. § 924(c)(3)(A).  Defendant notes that "physical force" means "*violent* force – that is, force capable of causing pain or injury to another person."  Def.'s Supp. Mot., ECF No. 1073, at 10 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original)).

Mr. Burwell argues that he no longer qualifies for an enhanced sentence in light of the Supreme Court's holding in *Johnson* because his offense of aiding and abetting an armed bank robbery does not qualify as a crime of violence.  "In order to prevail on the merits of his motion, [Mr. Burwell] must show that his convictions are not [crimes of violence] under either the elements clause or the enumerated clause, which remain valid after <u>Johnson</u>" as opposed to the residual clause.  *Charles Booker*, 240 F. Supp. 3d at 169.  The Court notes however that the enumerated clause is not at issue in this case, so all arguments herein focus on the elements clause.

### 1. Employing a Modified Categorical Approach

The parties agree that the statute defining armed bank robbery that is applicable in this case is 18 U.S.C. Section 2113(a) and (d).  Section 2113(a) states that:

> Whoever by force or violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

*Id.*  Section 2113(d) states that:

> Whoever, in committing, or in attempting to commit, any offense, defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by

use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

*Id.*

In determining whether an offense qualifies as a "crime of violence" under the elements clause, courts must use a categorical approach, looking at the elements of the crime itself as defined by state or federal law, as opposed to the way in which the crime was committed by the defendant. *United States v. Battle,* 927 F.3d 160, 164 (4th Cir. 2019). Courts "consider the offense generically" by examining the offense only "in terms of how the law defines the offense and not in terms of how" the individual defendant "might have committed it on a particular occasion." *United States v. Sheffield*, 832 F.3d 296, 314 (D.C. Cir. 2016) (quotation omitted); *see also Borden v. United States*, 141 S. Ct. 1817, 1822 (2021) (discussing the so-called "categorical approach). Under such a categorical approach, facts underlying the prior convictions are "irrelevant." *Mathis v. United States*, 579 U.S. 500, 513 (2016); *see id.* ("Find them or not, by examining the record or anything else, a court still may not use them to enhance a sentence.")

In applying a categorical approach, courts look "only to the statutory definitions — *i.e.*, the elements — of a defendant's [offenses] and *not* to the particular facts underlying those convictions." *Descamps v. United States*, 570 U.S. 254, 261 (2013) (emphasis in original, quotation marks and citation omitted); *see Mathis*, 579 U.S. at 504 (explaining that elements are "constituent parts" of the way in which a crime is legally defined, while facts are "extraneous to the crime's legal requirements"). "The focus is instead on whether the elements of the statute of conviction" necessarily require the defendant's "use, attempted use, or threatened use of physical force against the person of another." *Borden*, 141 S. Ct. at 1822. A "conviction qualifies as [a] predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Sheffield*, 832 F.3d at 314 (quoting *Descamps*, 133 S. Ct. at 2281). Accordingly, "[i]f

13

any – even the least culpable – of the acts criminalized do not entail" violent physical force, then the offense does not qualify as a "crime of violence."  *See Borden*, 141 S. Ct. at 1822.   And this concept applies even if the defendant actually used violent force in committing the offense.  *Id.*

In the instant case, Defendant asserts that this categorical rule applies, and armed bank robbery under 18 U.S.C. §§ 2113(a), (d) is "not a crime of violence, because the range of conduct it criminalizes encompasses non-violent means."  Def.'s Supp. Mot., ECF No. 1073, at 11.  In contrast, the Government argues that a modified categorical approach is appropriate because the bank robbery statute is divisible, and federal bank robbery is a crime of violence under the elements clause.   When a statute of conviction "list[s] elements in the alternative, and thereby define[s] multiple crimes," *i.e.*, the statute is "divisible," the Court may use a "modified categorical approach."  *Mathis*, 579 U.S. at 505.  Elements are "the things the prosecution must prove to sustain a conviction," in contrast to factual means, which are the "circumstances or events having no legal effect or consequences."  *Id.* at 504 (internal quotation marks omitted).

Under this modified categorical approach, courts determine which alternative formed the basis of the defendant's conviction and apply the categorical approach to that alternative only. *Descamps*, 570 U.S. at 257.  The sentencing court may look to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  *Mathis*,  579 U.S. at 505.  The Supreme Court noted however that this modified categorical approach serves "solely [ ] as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque."  *Id.* at 513.  It is not "a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts (or otherwise involved means) that also could have satisfied elements of a generic offense."  *Id.*

14

Defendant asserts that the "key to distinguishing indivisible and divisible statutes lies in what the law says the jury must find unanimously to return a conviction."  Def.'s Supp. Mot., ECF No. 1073, at 13; *see Descamps*, 570 U.S. at 269-271 (facts that need to be found unanimously are "elements" (divisible statute) and facts that need not be found unanimously are "means" (indivisible statute)).  The general rule is that statutes are indivisible.  *See, e.g., Descamps*, *id.* at 261(statutes divisible in a "narrow range of cases"); *United States v. Sheffield*, 832 F.3d 296, 314 (D.C. Cir. 2018) (statutes divisible in "rare instances").  Defendant argues that case law from some circuits indicates that Section 2113(a) "includes both 'by force and violence, or intimidation' and 'by extortion' as separate means of committing the offense"  Def.'s Supp. Mot., ECF No. 1073, at 14 (citing *United States v. Ellison*, 866 F.3d 32, 36 n.2 (1st Cir. 2017)). The Government asserts that "*Ellison* holds, post-*Johnson,* that a conviction for federal bank robbery qualifies as a crime of violence under the career offender guideline," and notes further that the divisibility of the statute was not addressed therein.  Govt. Opp'n, ECF No. 1096, at 17.

Defendant relies also on *United States v. Williams*, 841 F.3d 656, 660 (4th Cir. 2016) for the proposition that bank robbery has a single "element of force and violence, intimidation, or extortion."  Def.'s Supp. Mot., ECF No. 1073, at 15.  But that case did not speak to divisibility of the robbery statute; instead, the court there distinguished between guidelines for robbery and burglary, and in that context, the court noted that "only the burglary guideline applies in this case, because [the defendant's] indictment omits the robbery element of force and violence, intimidation, or extortion."  Defendant cites also *United States v. Askari*, 140 F.3d 536 (3d Cir. 1998) (en banc), *vacated on other grounds*, 159 F.3d 774 (3d Cir. 1998) to support his claim that the federal robbery statute lists multiple means but is not divisible.  Def.'s Supp. Mot., ECF No. 1073, at 15.  Defendant relies on the proposition that "[i]f there is no taking by extortion, actual or

threatened force, violence, or intimidation, there can be no valid conviction for bank robbery under 18 U.S.C. § 2113(a)."[6]  *Id.* at 548.  But the *Askari* case "does not address the divisibility of § 2113(a) for purposes of a categorical analysis under *Johnson* and *Davis*," instead, it examines the question of whether a defendant convicted of a "crime of violence" under U.S.S.G. § 4B1.2 could qualify for a downward departure based on diminished capacity pursuant to U.S.S.G. § 5K2.13.  That sentencing guideline "directs the sentencing court to examine the violent nature (or not) of the defendant's offense but does not reference the definition of "crime of violence" from U.S.S.G. § 4B1.2."  Govt Opp'n, ECF No. 1096, at 16; *see Askari*, 140 F.3d at 542-43; *see id.* at 546-547 (holding that the Sentencing Commission did not intend to import the "crime of violence" definition from U.S.S.G. § 4B1.2 to U.S.S.G. § 5K2.13).  The Government concludes correctly that *Askari* does not "address the definition of crime of violence from U.S.S.G. § 4B1.2 – the definition that is analogous to the definition of crime of violence in Section 924(c) that is at issue here[.]"  *Id.*  Accordingly, the Court finds that Defendant has not provided any persuasive precedent demonstrating that the federal bank robbery statute is indivisible and that extortion is therefore the least culpable means of committing that offense.

In further response to Defendant's argument that the statute is indivisible, the Government asserts that:

> Precedent from every circuit to address this argument holds that § 2113(a) is divisible and establishes two separate offenses of bank robbery and bank extortion.  *See King v. United States*, 965 F.3d 60, 70 (1st Cir. 2020) ("[R]obbery and extortion under § 2113(a) are alternative elements of distinct offenses."); *United States v. Evans*, 924 F.3d 21, 28 (2d Cir.

---

[6] This Court notes that, in *Askari*, the court prefaced that sentence first by noting that "[t]he requirement that the property be taken either "by force or violence" of "by intimidation" requires proof of force or threat of force as an element of the offense."  140 F.2d at 548.  Second, the court noted that, with regard to extortion "as used in 18 U.S.C. 2113(a)[,] [it] means obtaining property from another person, without the other person's consent, induced by the wrongful use of actual or threatened force, violence, or fear."  *Id.*

2019) ("[W]e agree with the Ninth Circuit that § 2113(a) contains at least two separate offenses, bank robbery and bank extortion.") (citing *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018)); *In re Jones*, No. 16-14106, 2016 U.S. App. WL 23578, at *12 (11th Cir. July 27, 2016) ("[E]xtorting money from a bank . . . clearly constitutes a separate crime that is not 'armed bank robbery.'")

Govt. Opp'n, ECF No. 1096, at 15-16; *see King*, 965 F.3d at 68 (looking at the language of the statute and finding that "[b]y distinguishing between take and obtain, the syntax of the first paragraph of § 2113(a) tracks the common law differences between the offenses of robbery (a taking against the victim's will) and extortion (obtaining with the victim's consent)") (internal citations and quotation marks omitted), *id.* at 68-69 (finding that the federal bank robbery statute defines separate crimes of robbery and extortion consistently with the analogous Hobbs Act robbery statute); *see also United States v. Paul Edward Hammond*, 354 F. Supp. 3d 28, 49 (D.D.C. 2018) ("Section 2113(a) appears to be divisible, which is to say the statute describes distinct crimes.") (citing *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (explaining a divisible statute)).

This Court agrees with the Government that the weight of legal authority supports the proposition that § 2113(a) is divisible and establishes two separate offenses of bank robbery and bank extortion.  Moreover, the Government proffers that "defendant's claim that federal armed bank robbery is not a crime of violence is simply incorrect, and is at odds with every single Circuit to have addressed this issue – including the D.C. Circuit – all of which have found that federal armed bank robbery remains a crime of violence under the elements clause after *Johnson* and *Davis*."  *Id.* at 14; *see United States v. Carr*, 946 F.3d 598, 607 (D.C. Cir. 2020) (where the D.C. Circuit opined that "bank robbery under Section 2113(a) categorically involves the use or threatened use of force" and indicated that it was "join[ing] nine of [its] fellow circuits in holding that bank robbery under Section 2113(a) is categorically a crime of violence under the elements

clause of the Guidelines.") The D.C. Circuit noted that this "was true before *Johnson*, and it remains true today." *Id.*

While Defendant urges the Court to ignore *Carr* on grounds that the D.C. Circuit only considered bank robbery "by intimidation" and not bank robbery by extortion, Def.'s Supp. Mot., ECF No. 1073, at 18 n.7, this argument relies on the assertion that the statute is not divisible into two separate crimes of bank robbery and bank extortion, a proposition that is rejected by this Court in its discussion above. Accordingly, because the Court has found that the weight of authority supports the divisibility of the federal bank robbery statute, the Court employs the modified categorical approach propounded by the Government. And in this case, the Court need only look at the indictment to determine that Mr. Burwell was charged with robbery by force and violence, as opposed to extortion. Defendant was charged with Armed Bank Robbery under 18 U.S.C. §§ 2113(a) and (d), and (2). *See* Superseding Indictment, ECF No. 175, at 24 (stating that Defendant "did assault and put in jeopardy the life of a person by the use of a dangerous weapon in the commission of the offense of bank robbery," and "while armed with firearms, by force and violence, did take from the person or presence of another money.") The Superseding Indictment contains no references to extortion, and accordingly, Mr. Burwell was convicted of armed bank robbery by force and violence, which is a crime of violence under the elements clause after *Johnson* and *Davis,* as indicated by *Carr.*

Even while this Court remains consistent in its rationale for denying Defendant's claim regarding the divisibility of 18 U.S.C. § 2113(a), as to extortion, the Court recognizes that the D.C. Circuit has granted a COA in the *Perkins* case regarding this issue. In its August 10, 2023 Order in Appeal No. 23-3031, the D.C. Circuit found that "[o]n this issue, appellant has made a 'substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2); *Slack v.*

*McDaniel,* 529 U.S. 473, 483-484 (2000).  Accordingly, a COA will be granted by this Court on this same issue in order to facilitate Defendant Burwell's intention to participate in the *Perkins* appellate proceedings.

### 2. Aiding and Abetting a Crime of Violence

Defendant argues further that even if armed bank robbery is determined to be a "crime of violence," Mr. Burwell's  conviction "should still be vacated because he was convicted of *aiding and abetting* an armed bank robbery, in violation of 18 U.S.C. § 2, *see* ECF No. 175 at 24, and aiding and abetting does not require any use of force."  Def.'s Supp. Mot., ECF No. 1073, at 20.[7] Defendant asserts that, in applying a categorical approach to the elements for aiding and abetting, it is "plausible that a defendant could aid and abet a robbery without ever using, threatening, or attempting any force at all."  *Id.* at 21 (citing *In re Colon,* 826 F.3d 1301, 1306 (11th Cir. 2016) (Martin, J., dissenting)).

The Government responds by noting that Mr. Burwell was charged with Armed Bank Robbery, pursuant to 18 U.S.C. § 2113(a), and Aiding and Abetting the same, pursuant to 18 U.S.C. § 2.  *See*  Indictment, ECF No. 175; *see also* Verdict Form, ECF No. 474 (leaving it unclear whether Defendant was convicted only, or at all, under an aiding and abetting theory). The Government contends that even if Mr. Burwell were convicted on the aiding and abetting charge, "an aider and abettor is 'punishable as a principal' and is 'thus no different for purposes of the

---

[7] The aiding and abetting statute provides in relevant part:

(a) Whoever commits an offense against the United States or aids, abets, . . . or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2 (2005).

categorical approach than one who commits the substantive offense.'"  Govt. Opp'n, ECF No. 1096, at 19 (citing *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018)); see *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021) ("[A]iding and abetting a crime has the exact same elements as the principal offense.  Because there are no new elements on which the categorical approach can operate, it is impossible for the analysis of aiding and abetting a crime to come out differently than the principal crime.  Therefore, aiding and abetting a crime of violence is also categorically a crime of violence.")

Defendant suggests that with regard to charges of aiding and abetting, this Court may look at how courts have treated conspiracies, such as a conspiracy to commit robbery, which is not a crime of violence.  Def.'s Supp. Mot., ECF No. 1073, at 22; *see, e.g., United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).  This Court addressed this argument more fully in the *Perkins* case and concluded that aiding and abetting is not analogous to conspiracy.  *See* [*Perkins*] Mem. Op., ECF No. 1117, at 18-20.  Even if Mr. Burwell were convicted on a charge of aiding and abetting, it is the underlying statute of conviction that determines whether the elements clause is satisfied, so in this case, aiding and abetting a crime of violence would be a crime of violence. This Court notes further that the D.C. Circuit did not grant a COA on this claim, which was denied in the *Perkins* case.

### D. Defendant Claims that the Elements Clause is Void for Vagueness

The Government argues that Defendant's claim that the elements clause is void for vagueness is "not properly before this Court," as this is "not a *Johnson* claim."  Govt. Opp'n, ECF No. 1096, at 20.  More specifically, "[i]t was not raised in the defendant's original *Johnson* supplement to his 28 U.S.C. §2255 motion, was not addressed by this Court's Order denying that motion, [nor] was [it] raised in the motion to reconsider the denial of a Certificate of Appealability"

Govt. Opp'n, ECF No. 1096, at 20-21.   This Court addressed this issue in the *Perkins* Memorandum Opinion, ECF No. 1117, at 7, and found that "Defendant's challenge of the elements clause as unconstitutionally vague is not the right that was newly recognized by the Supreme Court and made retroactively applicable in *Johnson*, and it is not the claim that was certified by the D.C. Circuit [with regard to supplemental Section 2255 motions based on *Johnson*]."   Defendant's purported reliance on *Johnson* as a basis for this challenge does not change that.   Accordingly, the Court concluded there, as it does here, that it is without jurisdiction to consider this claim.   This Court notes further that the D.C. Circuit did not grant a COA on this claim, which was denied in the *Perkins* case.

### E. Rule of Lenity

As a final argument, Defendant asserts that "the rule of lenity should preclude finding that his offense qualifies as a crime of violence," and Defendant provides a string cite of Supreme Court cases that have applied this rule when there is "statutory ambiguity."  Def.'s Supp. Mot., ECF No. 1073, at 34 (string cites omitted).   Defendant asserts that "[h]ere where Mr. Burwell is being subjected to 30 additional years in prison, without there being sufficiently clear statutory language verifying that Congress definitely wanted such a penalty, the rule of lenity should be applied in Defendant's favor."  *Id.*   The Government acknowledges that "the rule of lenity applies when a statute is ambiguous and risks selective or arbitrary enforcement."  Govt. Opp'n, ECF No. 1096, at 29.   The Government notes however, and this Court agrees, that "where all of the circuits to address the issue have held that bank robbery under § 2113(a) is a crime of violence, it cannot be said that the statute is ambiguous or risks selective or arbitrary enforcement."  *Id.*   Accordingly, this Court finds Defendant's argument regarding the rule of lenity unavailing.

### F. Summary Denial is Appropriate

Defendant's motion raises legal issues that do not require an evidentiary hearing for resolution. Accordingly, a summary denial is appropriate because "[a] judge need not conduct an evidentiary hearing before denying a petition for relief under § 2255 when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996) (quoting 28 U.S.C. § 2255).

## IV. CONCLUSION

Upon a searching review of the parties' submissions, the relevant authorities, and the record as a whole, the Court finds that Mr. Burwell's [1073] Supplemental Motion to Vacate Judgment under 28 U.S.C. § 2255 shall be DENIED. This Court declines to consider Mr. Burwell's claim that the elements clause is void for vagueness as this claim neither relies upon *Johnson* nor is it within the scope of the D.C. Circuit's authorization of Mr. Burwell's Co-defendants' second Section 2255 motions based on *Johnson*. With regard to Mr. Burwell's challenge to the residual clause in 18 U.S.C. Section 924(c), the Court finds first that this claim is timely and is not procedurally defaulted. However, Defendant's claim that aiding and abetting an armed bank robbery is not a crime of violence fails because: (1) the weight of legal authority supports the proposition that the federal armed bank robbery statute is divisible and thus a modified categorical approach is applicable; and (2) under this modified categorical approach, the Superseding Indictment indicates that Mr. Burwell was convicted of armed bank robbery by force and violence; and (3) armed bank robbery is a crime of violence under the elements clause, as indicated in the D.C. Circuit's decision in *Carr* (and consistent with legal authority from other circuits); and (4) even if Defendant's conviction was based on aiding and abetting an armed bank robbery, with aiding and abetting, it is the underlying statute of conviction that determines whether the elements clause is satisfied. Because the D.C. Circuit has issued a COA regarding part of an appeal from

this Court's ruling in *Perkins*, and the Court's ruling in *Perkins* was the same as in this case, a COA will be granted consistent with the D.C. Circuit's COA.  Accordingly, Defendant's [953] *pro se* Motion for Reconsideration of the Denial of COA shall be GRANTED IN PART and DENIED IN PART.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT COURT